UNITED STATED DISTRICT COURT
for the
District of South Dakota

**FILED**
FEB 2 0 2018
*Matthew Thelen*
CLERK

**Joseph D. Tedrow**

    *Plaintiff*

vs

**Nationwide Credit Inc.**
    *Defendant*

Civil Action No **18-4023**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA.

### JURISDICTION

3. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331.

### PARTIES

4. The Plaintiff in this lawsuit is Joseph D. Tedrow ("Plaintiff"), a natural person, who resides in Lincoln county, South Dakota.

5. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant, Nationwide Credit Inc. ("Defendant") is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## VENUE

8. The occurrences which give rise to this action occurred in Lincoln County, South Dakota and Plaintiff resides in Lincoln County.

9. Venue is proper in the District of South Dakota under 28 U.S.C. §1391(b)

## FACTUAL ALLEGATIONS

10. Plaintiff received a collection notice from the Defendant dated September 5, 2017 stating that a charge card account # XXXXXXXXXXX2749 had been referred to Nationwide Credit, Inc. from Chase Bank USA, N.A. and they were attempting to collect an alleged balance due on said account of $12502.62.

11. Plaintiff sent a timely response within 30 days to Defendant on September 28, 2018 disputing the alleged debt and demanding Defendant cease and desist from any further collection activities until they validated the alleged debt. At no time did Plaintiff receive a response to his demand for validation.

12. The validation of debt and dispute of information demands were received by the Defendant on September 30, 2018 according to USPS records and <u>Defendant failed to respond to plaintiff with any information at any time</u>.

13. On or about October 9, 2017 Plaintiff received a second collection notice dated October 4, 2017 for the same account as the previous notice dated September 5, 2017 offering a

settlement amount of $5626.17 on the account. Receipt of a collection notice when no validation of the alleged debt had ever been received by the Plaintiff is a violation of 15 U.S.C. § 1692g(B) and is a deceptive practice.

14. On or about October 27, 2017 Plaintiff received a third collection notice dated October, 23, 2017 for the same account as the original notice dated September 5, 2017 offering a settlement amount of $4375.91 on the account. Receipt of a collection notice when no validation of the alleged debt had ever been received by the Plaintiff is a violation of 15 U.S.C 1692g(B), and is a deceptive practice.

15. On or about November, 14, 2017 Plaintiff received a fourth collection notice dated November 11, 2017 for the same account as the original notice dated September 5, 2017 offering a settlement amount of $3250.68 on the account. Receipt of a collection notice when no validation of the alleged debt had ever been received by the Plaintiff is a violation of 15 U.S.C. 1692g(B) and is a deceptive practice.

16. On or about November 30, 2017 Plaintiff received a fifth collection notice dated November 27, 2017 for the same account as the original notice dated September 5, 2017 offering a settlement amount of $3250.68 on the account. Receipt of a collection notice when no validation of the alleged debt had ever been received by the Plaintiff is a violation of 15 U.S.C. 1692g(B) and is a deceptive practice.

17. On or about December 16, 2017 Plaintiff received a sixth collection notice dated December 13, 2017 for the same account as the original notice dated September 5, 2017 offering a settlement amount of $3250.68 on the account Receipt of a collection notice when no validation of the alleged debt had ever been received by the Plaintiff is a violation of 15 U.S.C. 1692g(B) and is a deceptive practice.

18. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT 1

### VIOLATIONS OF THE FDCPA

19. Plaintiff repeats and re-alleges each and every allegation stated above.
20. Defendant's aforementioned conduct violated the FDCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

    a. Adjudging that Defendant violated the FDCPA.

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. 1692k, in the amount of $1000.00.

    c. Awarding Plaintiff any attorney's fees and costs incurred in the action.

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    e. Awarding such other and further relief as the Court may deem just and proper

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 20, 2018

Respectfully Submitted,

*/s/ Joseph D. Tedrow*

Joseph D. Tedrow

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document was sent to the below named parties by first class USPS mail.

Signed February 20, 2018

_____
Joseph D. Tedrow

Nationwide Credit Inc.
(Registered Agent)
Corporation Services Company
505 5th Ave. Ste 729
Des Moines, IA 50309